# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CR-18-297-R |
| CHAD WAYNE KASPEREIT, | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Motion for Judgment of Acquittal or, in the Alternative, for New Trial (Doc. No. 96) filed by Defendant Chad Kaspereit pursuant to Federal Rules of Criminal Procedure 29 and 33. Plaintiff the United States of America responded in opposition to the motion (Doc. No. 102) and Defendant replied (Doc. No. 104). Having considered the parties' submissions, the Court finds as follows.

On May 17, 2019, a jury returned a verdict of guilty charging Mr. Kaspereit with making a false statement on an ATF form in connection with the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6) (Count One), and for being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(8) (Count Two). (Doc. No. 78). After the jury trial, the Supreme Court issued its decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), clarifying the requirements for conviction under § 922(g). As relevant here, the Court held that in a prosecution under § 922(g), the Government must prove the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. Based upon this post-trial change in the law, Defendant Mr. Kaspereit

1

seeks a judgment of acquittal arguing that the evidence at trial was not sufficient to charge him on Count One or Count Two. In the alternative, Mr. Kaspereit argues that a new trial must be granted as to both counts because the Court failed to include *Rehaif*'s knowledge requirement in the jury instructions. Plaintiff objects to Defendant's arguments. Upon review, the Court DENIES Defendant's motion.

First, the Court denies Defendant's motion as to Count One. The Supreme Court in *Rehaif* expressed no view about provisions—like 922(a)(6)—which were not at issue in the case. *See Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). What's more, § 922(a)(6) already contains a knowledge requirement, on which the jury was instructed, and evidence was presented.

As to Count Two, the Court addresses in turn Defendant's motion for judgment of acquittal and his motion for new trial. In considering a Rule 29 motion for judgment of acquittal based upon the insufficiency of the evidence at trial, the Court may deem the evidence "sufficient to support a conviction if, viewing the evidence and the reasonable inferences therefrom in the light most favorable to the government, a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Benford*, 875 F.3d 1007, 1014 (10th Cir. 2017). The Defendant argues that under the standard announced in *Rehaif*, the evidence presented at trial was insufficient to convict. But, in reviewing Defendant's claim, the Court must analyze the sufficiency of the evidence "under the law in effect at the time of the trial." *See Benford*, 875 F.3d at 1014-15 (citing *United States v.*

*Wacker*, 72 F.3d 1453, 1465 (10th Cir. 1995) and *United States v. Houston*, 792 F.3d 663, 669–70 (6th Cir. 2015)).[1]

The evidence presented was sufficient under the law governing at the time of trial. As set forth in the instructions presented to the jury at trial, the Government was required to prove three elements beyond a reasonable doubt:

**FIRST**:  the Defendant knowingly possessed a firearm;

**SECOND**: the Defendant was subject to a protective order at the time of possession; and

**THIRD**:  before the Defendant possessed the firearm, the firearm had moved at some time from some state to another or from a foreign country to the United States.

(Doc. 74, at 23). First, Mr. Kaspereit testified that he knowingly possessed a firearm. (Doc. No. 99, p. 302:19-303:1, 316:15-317:2, 328:22-329:12). Second, he concedes that he was subject to a protective order at the time of possession. (Doc. No. 96, p. 5). Third, he stipulated to the interstate nexus of the firearms. (Gov't. Ex. 54). Finally, Mr. Kaspereit makes no argument that the evidence was insufficient to support a conviction on the elements of Count Two as instructed by the Court. Mr. Kaspereit's motion for acquittal based upon the insufficiency of the evidence at trial is therefore subject to dismissal.

Even if the Court were to evaluate the Defendant's challenge under the law as clarified in *Rehaif*, the Defendant would not be entitled to acquittal. *Rehaif* did not affect

---

[1] To be sure, the Tenth Circuit in *Wacker* remanded for a new trial based upon a post-trial Supreme Court decision that rendered the law instructed at trial incorrect. Still, the Circuit evaluated the defendant's insufficiency-of-the-evidence claim under the law in effect at the time of trial. *See United States v. Wacker*, 72 F.3d 1453, 1464 (10th Cir. 1995). The Circuit only remanded for a new trial because they were "uncertain how a jury would decide the case if properly instructed." *United States v. Benford*, 875 F.3d 1007, 1015 (10th Cir. 2017) (describing rationale for remand in *Wacker*). As described below, that concern is not present here.

3

the first or third element of Count Two. But to satisfy the second element of Count Two under *Rehaif*, the Government would have had to prove that Mr. Kaspereit knew he was subject to a protective order at the time he possessed a firearm. *See Rehaif*, 139 S. Ct. at 2194. Accordingly, Defendant argues that acquittal is required because there was no evidence establishing that Mr. Kaspereit knew of his protective order at the time of possession. He is incorrect. Mr. Kaspereit was charged with possession of a firearm between December 7, 2017 and February 26, 2018. At trial, the jury was presented with witness testimony describing Mr. Kaspereit's knowledge of the protective order filed against him during the relevant period. (Doc. No. 98, p. 45:2–47:3, 115:7–117:22). Moreover, Mr. Kaspereit testified that he had knowledge of the protective order in January of 2018 (Doc. No. 99, p. 304:2–305:3) and that he filed a motion to dismiss the protective order that same month (Doc. No. 99, p. 323:5–9). Viewing this evidence in the light most favorable to the Government, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. The Defendant is not entitled to acquittal, even under *Rehaif*.[2]

Nor is the Defendant entitled to a new trial. Under Rule 33, courts are authorized to grant new trials "if the interest of justice so requires." Fed. R. Crim. P. 33(a). This standard has been interpreted to include any error that would require reversal on appeal. *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000), *aff'd*, 28 Fed. Appx. 902 (10th

---

[2] To the extent Defendant argues that *Rehaif* would have also required the Government to prove that Mr. Kaspereit knew his status—as a person subject to a protective order—disqualified him from possessing a firearm under federal law, he is incorrect. *See Rehaif*, 139 S. Ct. at 2198 (discussing the maxim that ignorance of the law is no excuse); *see also Bryan v. United States*, 524 U.S. 184, 193 (1998) ("[U]nless the text of the statute dictates a different result, the term "knowingly" merely requires proof of knowledge of the facts that constitute the offense" rather than "knowledge of the law").

4

Cir. 2001). The Court is proscribed from granting a new trial except "in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Evans*, 42 F.3d 586, 593 (10th Cir.1994) (internal quotation marks omitted). Therefore, a motion for new trial "is not regarded with favor and is only issued with great caution." *United States v. Herrera*, 481 F.3d 1266, 1269–70 (10th Cir. 2007). As Mr. Kaspereit did not object to the jury instructions at trial, the Court reviews the jury instructions for plain error. *See Benford*, 875 F.3d at 1020.[3] "Plain error occurs where there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Durham*, 902 F.3d 1180, 1226 (10th Cir. 2018) (quotations marks and citations omitted).

The Court determines that the failure to include the *Rehaif* knowledge requirement in the jury instruction meets the first two prongs; it was error that was plain. *See Henderson v. United States*, 568 U.S. 266 (2013) (holding an error is plain even if the trial judge's decision was correct at the time when it was made but subsequently becomes incorrect based on a change in the law).

Mr. Kaspereit does not, however, satisfy the third prong. To establish that a plain error affects the defendant's substantial rights, the defendant has the burden to show "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Benford*, 875 F.3d at 1017. In Count One, the Defendant was charged with violating 18 U.S.C. § 922(a)(6) for knowingly making a false statement on an ATF form

---

[3] Defendant cites no support for his contention that plain error is the incorrect standard. Every circuit to have addressed motions for new trial based upon *Rehaif* have reviewed for plain error. *See, e.g., United States v. Bowens*, 938 F.3d 790, 796 (6th Cir. 2019).

in connection with the purchase of a firearm. The jury was instructed that, to convict on Count One, it must find that the Defendant knew he had been subject to a protective order at the time he filled out the ATF form falsely stating that he was not. Thus, in convicting Mr. Kaspereit as to Count One, the jury necessarily found the knowledge element newly applicable to Count Two after *Rehaif*—that the Defendant knew of his status as a person subject to a protective order at the time of possession. The jury's conviction on Count One, in addition to the testimony described above, demonstrates that there is not a reasonable probability that, but for the error, the outcome of the proceeding would have been different. *See United States v. Collins*, No. 5:18-cr-00068, 2019 WL 3432591, at *3 (S.D. W. Va. July 30, 2019) (unpublished) (denying defendant's motion for a new trial where jury's verdict of guilty for making a false statement on an ATF form, in violation of 18 U.S.C. § 922(a)(6), was sufficient to establish the *Rehaif* knowledge element for defendant's § 922(g) conviction). Mr. Kaspereit's allegations to the contrary fail to satisfy his burden.

Finally, because the third prong of the plain error test has not been satisfied, the Court need not address the fourth. *See United States v. Cotton*, 535 U.S. 625, 632 (2002) (declining to resolve the third prong of the plain error test because the defendants clearly failed to meet the fourth); *Durham*, 902 F.3d at 1226 (describing defendants burden to satisfy all four prongs of the plain error test to establish reversible error on appeal).

For the reasons set forth herein, the Court DENIES Defendant's Motion for Judgment of Acquittal or, in the Alternative, for New Trial.

**IT IS SO ORDERED** this 1st day of November 2019.

*[Signature: David L. Russell]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE