IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-18-297-R |
| | ) | |
| CHAD WAYNE KASPEREIT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Chad Wayne Kaspereit's Motion for New Trial. Doc. No. 134. The United States has filed its response, Doc. No. 139, and the matter is ripe for adjudication. For the reasons stated below, the Court DENIES Defendant's motion.

The Tenth Circuit, in its affirmance of the Defendant's conviction and sentence, provided the following summary of this case:

> In early September 2015, Defendant's then-wife, Brittany McCormick, petitioned an Oklahoma state court for an emergency protective order and initiated divorce proceedings. The court granted an emergency protective order and set a hearing. The parties appeared with counsel and agreed to continue the hearing for three days and consolidate it with a hearing on the divorce. The parties appeared again, and, after the hearing, the state court continued the protective order indefinitely, saying it would "be reviewed before resolution of this case." The court docketed the temporary protective order in the divorce and in the separate protective order action. In fact, no review of the order occurred concurrent with the final divorce decree, and it remained in effect until dissolved by uncontested motion in February 2018.
>
> Meanwhile, in December 2017, Defendant bought two handguns from an Academy sporting goods store. As a part of that transaction, he filled out Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Form 4473 (Firearms Transaction Record). On the form, Defendant certified he was "not subject to a court order restraining [him] from harassing, stalking, or threatening [his] child or an intimate partner or child of such partner."

Several months later, in March 2018, local law enforcement responded to an incident at Defendant's home, which he shared with his new spouse, Stephanie Carson. Carson consented to a search of the home and vehicles, and officers discovered the handguns Defendant had purchased in December. She filed for her own protective order, which an Oklahoma court granted, but that order is not at issue in this appeal.

A federal grand jury indicted Defendant on three counts: (1) making a false statement during the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6), (2) possession of a firearm from December 2017 to February 2018 while subject to McCormick's protective order in violation of 18 U.S.C. § 922(g)(8), and (3) possession of a firearm while subject to Carson's protective order, in violation of the same. After trial in May 2019, the jury returned a guilty verdict on counts one and two but acquitted on count three. The district court sentenced Defendant to 120 months' imprisonment on each count to run concurrently, varying upward from the guidelines range.

*United States v. Kaspereit*, 994 F.3d 1202, 1206 (10th Cir. 2021).

After his conviction and the failure of his appeal, Mr. Kaspereit filed a "Motion to Vacate Temporary Protective Order and to Determine Protective Order Unenforceable" with the District Court in and for Stephens County. Doc. No. 134-1. The court granted the unopposed motion on September 27, 2021, and entered it on September 28, 2021. Doc. No. 134-2.[1] Defendant now contends that the "Order Sustaining Motion to Vacate Protective Order and to Determine Protective Order Unenforceable" ("Order to Vacate") entered by the state court constitutes "newly discovered evidence" that warrants a new trial pursuant to Fed. R. Crim. P. 33. Doc. No. 134.

Rule 33 provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The Tenth Circuit

---

[1] The Order to Vacate reads in the relevant part, "the Temporary Ex Parte Protective Order was not extended or reviewed after 6 months" and therefore "[t]he Protective Order became unenforceable and void on March 17th, 2016[.]" Doc. No. 134-2.

regards new trial orders "with disfavor" and advises that motions for new trial should be granted only with great caution. *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999). A defendant claiming a right to a new trial based on "newly discovered evidence" must show the following: (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by a defendant's own lack of diligence; (3) the newly discovered evidence is not merely impeaching; (4) the evidence is material to the principal issues involved; and (5) the evidence is of such a nature that in a new trial it would probably produce an acquittal. *United States v. Redcorn*, 528 F.3d 727, 743-44 (10th Cir. 2008).

Defendant argues that the Order to Vacate constitutes newly discovered evidence that was uncovered after trial. Doc. No. 134 at 5. He additionally contends he could not have discovered this evidence by exercising more diligence because the Order to Vacate did not exist until after his jury trial. *Id*. Mr. Kaspereit concludes that the Order to Vacate is highly material to whether the protective order existed at the time he purchased the weapons at the center of his conviction and that a jury would likely acquit him in a new trial. *Id*.

The Government counters that the Order to Vacate is not "newly discovered evidence", but "new evidence" that did not exist at the time of trial, and it is therefore not relevant under a Rule 33 analysis. Doc. No. 139 at 2. It further claims that Mr. Kaspereit argued at trial and during appeal that the protective order did not exist at the time he purchased the weapons in December 2017. *Id*. 5-6. The Government contends that

Defendant's failure to obtain the Order to Vacate before his trial demonstrates a lack of diligence, and concludes that the Court should therefore not grant the instant motion. *Id*.

In addition, the Government, citing Supreme Court and Tenth Circuit precedent, argues that state protective orders are not subject to collateral attack in federal § 922(g) proceedings. *Id*. 6–8. It reasons that Defendant is using the Order to Vacate as a collateral attack on the protective order underlying Mr. Kaspereit's illegal possession of a firearm conviction. *Id*. Because collateral attacks in § 922(g) convictions are barred under binding precedent, the Government argues the Order to Vacate is not material evidence pursuant Rule 33. *Id*. Further, because the Order to Vacate is not material, it is not likely to result in acquittal if offered as evidence in another trial. *Id*. The Government concludes that the Court should consequently deny the Rule 33 motion because Defendant has failed to provide material evidence likely to result in acquittal in a new trial. *Id*.

As an initial matter, it is unclear that the Order to Vacate is "newly discovered evidence". Defendant's trial took place in 2019 and the Order to Vacate did not exist until September 2021. For evidence to be "newly discovered" it must have been in existence at the time of the trial. *United States v. Abello-Silva*, 107 F.3d 22 (10th Cir. 1997) [published in full-text format at No. 96-5034, 1997 WL 72979 at *2)] (citing *United States v. Lafayette*, 983 F.2d 1102, 1105 (D.C. Cir. 1993)). The Order to Vacate was not entered until September 2021 and is accordingly not "newly discovered evidence" as required pursuant to Rule 33. Rather, it is "new evidence" that did not exist when a jury convicted Defendant. The Order to Vacate therefore does not support a motion for new trial. *See Cf. Wolfgang v. Mid-America Motorsports, Inc.*, 111 F.3d 1515, 1530 (10th Cir. 1997)

(affirming a district court order denying a motion for new trial based on "new evidence" rather than "newly discovered evidence").[2]

Furthermore, regardless of whether the Order to Vacate constitutes newly discovered evidence, the Court holds it is not material to Mr. Kaspereit's case, nor likely to result in acquittal if offered in a new trial. Pursuant to Supreme Court and Tenth Circuit authority, in the context of a § 922(g)(1) conviction, "even an invalid prior conviction may serve as the predicate offense for a federal firearms statute violation." *United States v. Mayfield*, 810 F.2d 943, 944 (10th Cir. 1987). The court in *Mayfield*, citing *Lewis v. United States*, 455 U.S. 55 (1980), rejected the district court finding that an invalid conviction—such as that at issue in *Lewis*—is distinguishable from a conviction that is void for lack of jurisdiction.[3] *Id.* at 945-46. "Nothing in the *Lewis* decision suggests that the Court intended to recognize a distinction between 'invalid' and 'void' convictions." *Id.* at 945.

Noting that both Mr. Lewis and Mr. Mayfield could have followed appropriate procedures for lifting their ban on possessing firearms before purchasing guns, the Tenth Circuit concluded that the district court's rationale was invalid. *Id.* at 946 The *Mayfield* court held the issue of whether a state court has jurisdiction is a legal one, and that "no conviction is 'void from its inception' for lack of jurisdiction until a court with review

---

[2] Fed. R. Civ. P. 60(b)(2) states that a new trial may be granted in a civil case when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" The language and standards of Rule 33 and its civil equivalent are therefore nearly identical regarding the distinction between "newly discovered evidence" and "new evidence".

[3] The district court in *Mayfield* concluded that the state of Kansas had lacked jurisdiction over Mr. Mayfield because at the time of his guilty plea he was seventeen, not eighteen, and therefore should have been subject to juvenile procedures. The district court concluded that in the absence of such procedures the state court lacked jurisdiction to convict Mayfield and therefore his predicate conviction was *void ab initio* and could not support his federal firearms conviction.

authority has so declared." *Id*. "While Mayfield's prior conviction became void when the federal district court granted his *in limine* motion, it was not void when Mayfield allegedly purchased the weapon. Mayfield was, at that time, a convicted felon." *Id*. Although ultimately Mr. Mayfield's predicate conviction was "'rendered a nullity', it was not rendered so until after he allegedly obtained firearms." *Id.* Accordingly, in the context of prior felony convictions, it is clear that if at the time of the federal firearms violation the defendant's predicate conviction had not been invalidated, the federal conviction avoids scrutiny.

This case involves a protective order, not a predicate felony conviction. However, the Tenth Circuit has observed that most federal circuits have held protective orders satisfying § 922(g)(8) are analogous to felony convictions pursuant to § 922(g)(1) under the circumstances presented here. *See United States v. Reese*, 627 F.3d 804-05 (10th Cir. 2010) (commenting that the majority of federal circuit courts see § 922(g)(8) and § 922(g)(1) as analogous); *see also United States v. Kaspereit*, 994 F.3d 1202, 1215 n.3 (10th Cir. 2021) (holding that the Tenth Circuit's comment in *Reese* constituted the Circuit's adoption of the majority rule regarding the prohibition of collateral attacks on underlying state protective orders in § 922(g)(8) proceedings.

Accordingly, it is an irrelevant factor that at some point after Mr. Kaspereit purchased firearms in December 2017 a court declared Ms. McCormick's protective order invalid or *void ab initio*. The relevant inquiry for the Court is whether the protective order existed in December 2017, and there is no legitimate dispute that it was in existence. Various witnesses at trial testified as the existence of the protective order, and Mr.

Kaspereit's actions in February 2018 whereby he sought to terminate the protective order undercuts any argument that the order did not exist at the time he purchased the firearms in December 2017. On appeal, the Tenth Circuit addressed whether there was sufficient evidence at the time Mr. Kaspereit purchased firearms for a jury to find he was subject to, and knew he was subject to, a protective order. *Kaspereit*, 994 F.3d at 1213. The court noted, "[N]othing suggests that the state court dissolved the protective order before February 2018. The Jury had substantial and sufficient evidence to find the order remained in effect during the time described[.]" *Id.*

Finally, there would be no basis for requesting the September 2021 Order from the District Court of Stephens County declaring the protective order null and void if the order was not in existence prior to that time. As the Tenth Circuit noted in *Mayfield*,

> the principle that a void judgment is not legally binding simply means that it may not be enforced. Yet we are not concerned here with enforcing [a defendant's] . . . conviction. We are concerned, instead, with the role of that conviction as a disqualifying condition for the purpose of obtaining firearms . . . [§ 922(g)(1)] . . . require[s] that the conviction be declared void before a firearm is purchased.

*Mayfield*, 810 F.2d at 946. Here Mr. Kaspereit, like Mr. Mayfield, failed to remove his impediment to gun ownership—the protective order—before he obtained the weapons that underlie his § 922(g) conviction. This Court is not concerned with enforcement of the protective order but whether it "existed" in December 2017, which it clearly did. *Kaspereit*, 994 F.3d at 1213.  Mr. Kaspereit could have brought "a direct challenge in state . . . court before obtaining a firearm" but did not do so. *Mayfield*, 810 F.2d at 945.  The fact that Defendant has now—after violating the law—obtained an order voiding Ms. McCormick's

protective order has no impact on the validity of Mr. Kaspereit's trial or conviction. Therefore, the September 2021 Order to Vacate is not material to whether Defendant violated § 922(g)(8) in December 2017 and does not support granting the motion for new trial.

For the reasons set forth herein Defendant's Motion for New Trial is DENIED.

IT IS SO ORDERED this 5th day January 2022.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**