IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-18-297-R |
| | ) |
| CHAD WAYNE KASPEREIT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Petitioner's Motion to "Request Certificate of Appealability." (Doc. No. 153). Upon consideration of the record, the Court DENIES the Motion.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. The Court finds that no reasonable jurist would debate the procedural dismissal of the instant petition and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

Here, Petitioner's "Motion to Alter/Amend Order/Judgment Denying Motion to Vacate His Conviction, Pursuant to Rule 59(e)" (Doc. No. 150) was dismissed, in part, as

second or successive. (Doc. No. 152). Because reasonable jurists would not debate the correctness of this Court's conclusion that Petitioner's Section 2255 Motion to Reconsider was, in part, an unauthorized second or successive Section 2255 petition, the Court DENIES Petitioner's request for a certificate of appealability. (Doc. No. 153).

IT IS SO ORDERED this 6th day of September 2022.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE